# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NYMT LOAN FINANCING TRUST, | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) No. 19-2582-KHV |
| PAMELA L. CUMMINGS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On September 25, 2019, pro se defendant Pamela L. Cummings filed a Notice Of Removal Pursuant To 28 USC § 1443 And The U.S. Constitution (Doc. #1). As best the Court can ascertain, Cummings's filing relates to judicial foreclosure proceedings in Wyandotte County, Kansas that NYMT Loan Financing Trust ("NYMT") initiated. Cummings now seeks to remove that action to this Court. This matter is before the Court on Plaintiff NYMT Loan Financing Trust's Motion To Dismiss (Doc. #7) filed October 30, 2019.[1] For reasons stated below, the Court sustains NYMT's motion.

## Legal Standard

Federal courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss an action "at any time

---

[1] On October 21, 2019, Cummings filed a Motion For Leave To File Amended Complaint (Doc. #4). On October 28, 2019, Cummings filed a Notice To Withdraw (Doc. #5), which the Court construes as an attempt to withdraw her motion to amend. Later that day, Cummings filed a Motion For Extension Of Time To File Memorandum In Support Of Notice Of Notice Removal (Doc. #6). On December 31, 2019, Cummings filed a Motion For Evidentiary Hearing (Doc. #15), in which she apparently requests that the Court hold an evidentiary hearing to shed light on NYMT's alleged fraudulent practices. Because the Court dismisses this case for lack of subject matter jurisdiction, the Court overrules these motions as moot.

that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Because federal courts have limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Accordingly, when the case involves removal, the Court must resolve all doubt against removal. Eatinger v. BP Am. Prod. Co., 524 F. Supp. 2d 1342, 1345 (D. Kan. 2007).

**Analysis**

Among other reasons,[2] NYMT seeks dismissal because the Court lacks subject matter jurisdiction. Cummings provides an extensive list of authorities under which the Court purportedly has jurisdiction, including eight federal statutes.[3]

A civil action is removable only if plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Accordingly, neither a federal defense nor a federal counterclaim provides a basis for removal. Carrington Square, LLC v. Steeley, No. 19-02386-CM, 2019 WL 5726897, at *1 (D. Kan. Nov. 5, 2019). Therefore, when the Court's jurisdiction is allegedly based on a federal question, the Court applies the artful pleading doctrine, under which defendant may only invoke federal jurisdiction if "plaintiff's statement of his own cause of action shows that it is based on federal law." Id. (citing Turgeau v. Admin. Rev. Bd., 446 F.3d 1052, 1060 (10th Cir. 2006)). Moreover, when removal is based on diversity of citizenship, the Court applies the bar against home-state removal, under which an action is not removable if any defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

---

[2] NYMT also asserts that the alleged judicial foreclosure proceedings are complete, and therefore the parties no longer have a live case to remove. Moreover, NYMT asserts that plaintiffs' allegations fail to state a claim upon which relief can be granted.

[3] Cummings's list also includes the Articles of Confederation, the Declaration of Independence and the Bible.

Here, the Court lacks subject matter jurisdiction. First, the Court does not have jurisdiction based on a federal question. Despite vague refences to the U.S. Constitution and other federal statutes, Cummings has not shown that NYMT brought its cause of action – a judicial foreclosure of property – under federal law. Accordingly, pursuant to the artful pleading doctrine, it cannot provide the basis for removal.

The Court also lacks jurisdiction based on diversity. As her notice of removal specifies, Cummings is a citizen of Kansas – the State where NYMT brought this action. See Notice Of Removal Pursuant To 28 USC § 1443 And The U.S. Constitution (Doc. #1) at 2-4 (asserting that the foreclosure proceedings are in Kansas, where she has lived "since birth"). As a result, pursuant to 28 U.S.C. § 1441(b)(2), this case is not removable.[4] Therefore, the Court dismisses this case for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff NYMT Loan Financing Trust's Motion To Dismiss (Doc. #7) filed October 30, 2019 is **SUSTAINED.** The Notice Of Removal Pursuant To 28 USC § 1443 And The U.S. Constitution (Doc. #1) is **dismissed**.

**IT IS FURTHER ORDERED** that Cummings's Motion For Leave To File Amended Complaint (Doc. #4) filed October 21, 2019, Notice To Withdraw (Doc. #5) filed October 28, 2019, Motion For Extension Of Time To File Memorandum In Support Of Notice Of Notice Removal (Doc. #6) filed October 28, 2019 and Motion For Evidentiary Hearing (Doc. #15) filed December 31, 2019 are **OVERRULED** as moot.

Dated this 21st day of January, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil

---

[4] Cummings has provided no factual basis for her apparent assertion that the Court has removal jurisdiction based on several other federal statutes. See 29 U.S.C. § 1343; 28 U.S.C. § 1443; 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 18 U.S.C. § 241; 18 U.S.C. § 242.

KATHRYN H. VRATIL
United States District Judge